1
2
3
4                  UNITED STATES DISTRICT COURT
5                NORTHERN DISTRICT OF CALIFORNIA
6
7    STEVEN AMES BROWN, et al.,                Case No.  15-cv-00584-VC
               Plaintiffs,
8
         v.                                    **ORDER GRANTING IN PART AND
9                                              DENYING IN PART THE MOTION TO
     VERSE MUSIC GROUP LLC,                    DISMISS AND SPECIAL MOTION TO
10                                             STRIKE**
               Defendant.
11                                             Re: Dkt. No. 25
12

13          1.  The motion to dismiss the counterclaim for breach of contract is denied.  The contract

14   between the parties states that "[n]o party shall be deemed to be in breach of any obligation

15   hereunder unless such party fails to cure the default within thirty days of written notice thereof."

16   The cross-complaint alleges that Brown intentionally avoided notifying Verse of its alleged

17   default before suing Verse, because Brown did not want Verse to have a chance to cure the

18   default.  This allegation is plausible, and specific enough to put Brown on notice of the nature of

19   the counterclaim.

20          2.  The special motion to strike the breach of contract counterclaim under California's anti-

21   SLAPP statute is denied.  Arguably, this counterclaim does not arise from an act in furtherance of

22   Brown's free speech rights.  Although Brown characterizes the counterclaim as being based on the

23   lawsuit he filed, it's probably better understood as being based on Brown's decision not to give

24   Verse notice of the default before filing the lawsuit.  *See*, *e.g.*, ¶ 8.  But even construing the

25   counterclaim as Brown urges, that is, based on the lawsuit itself (in which case it would certainly

26   be the type of protected activity contemplated by the anti-SLAPP statute), the evidence submitted

27   by the parties to date indicates there is at least some probability that Verse will prevail on this

28   counterclaim.  There is at least some probability that the above-quoted contract language was

United States District Court
Northern District of California

intended to preclude Brown from hauling Verse into court before giving Verse notice of the default and an opportunity to cure it.  In other words, even if Brown succeeds at the first step of the anti-SLAPP inquiry (which seems unlikely), he fails at the second, because there is some probability that Verse could prevail on this counterclaim.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) ("If the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim, the motion to strike must be denied.").

3.  The motion to dismiss the second counterclaim, which is for intentional interference with contract, is granted.  Verse does not even try in its cross-complaint to allege facts to support all the elements of a claim for intentional interference with contract.  *See Bank of New York v. Fremont Gen. Corp.*, 532 F.3d 902, 909 (9th Cir. 2008) (describing elements of an intentional interference with contract claim).

4.  The special motion to strike the second counterclaim under the anti-SLAPP statute is granted.  This counterclaim implicates protected conduct, because it attacks communications Brown made to third parties about his lawsuit – parties whose rights were potentially affected by his lawsuit.  *See* Cal. Civ. Proc. Code § 425.16(e) (protected activity includes "any written…statement…made in connection with an issue under consideration or review by a…judicial body").  On the second step of the anti-SLAPP inquiry, theoretically Verse could have responded to the special motion to strike with evidence to demonstrate some probability of success, thereby overcoming the special motion to strike even if the counterclaim originally failed to plead intentional interference with sufficient particularity.  But Verse has presented no such evidence here, so it loses at both steps of the inquiry.

5.  Even though the Court has granted the special motion to strike the second counterclaim, Verse has leave to amend this counterclaim (subject of course to a renewed anti-SLAPP motion), for the reasons explained by Judge Tigar in *Choyce v. SF Bay Area Independent Media Center*, 2013 WL 6234628 *11 (N.D. Cal.).  Any amended counterclaim must be filed within 14 days of the date of this order.  Because Brown succeeded on half his special motion to strike, he is entitled to recover half the fees and costs incurred in pursuing the motion.  *See id*. at *10.

1

2       **IT IS SO ORDERED.**

3 Dated: June 26, 2015

4 _____

5       VINCE CHHABRIA
      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California